```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

**ROBERT TAYLOR,**             :

      **Plaintiff,**        :

**vs.**                        :   CIVIL ACTION   08-00074-CG-B

**MOBILE MENTAL HEALTH,**      :

      **Defendant.**        :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 4).  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute and to obey the Court's Order.

Plaintiff filed this Section 1983 action on February 7, 2008, while incarcerated at Fountain Correctional Facility. (Doc. 1). Plaintiff requested and was granted permission to proceed without prepayment of fees. (Docs. 4, 5). In conjunction with the screening of Plaintiff's complaint, the Court entered an Order, dated February 19, 2009 (Doc. 6), advising Plaintiff that his complaint was almost totally unintelligible and directing him to file by March 13, 2009, an amended complaint that was legibly written and in compliance with Rule 8(a) of the Federal Rules of

Civil Procedure.  Additionally, the Court directed the Clerk to send Plaintiff the appropriate form for a complaint under § 1983.  Further, Plaintiff was advised of his obligation to keep the Court apprised of any change in his address.  Plaintiff was expressly cautioned that the failure to notify the Court of a change in his address would result in the dismissal of this action for failure to prosecute and failure to adhere to the Court's Order. (Doc. 6).

A review of the docket reflects that the Court's most recent Order (Doc. 6), dated February 19, 2009 (Doc. 6), was mailed to Plaintiff at his address of record, 3800 Fountain, Atmore, Alabama 36503; however, on February 25, 2009, Plaintiff's copy of the Court's Order and form were returned to the Court with the notation "Return to Sender." (Doc. 7).  As a result, the Court examined the Alabama Department of Corrections' website and discovered that Plaintiff is no longer in its custody. Notwithstanding the Court's Order directing Plaintiff to keep the Court apprised of his address, Plaintiff has failed to take any steps to update his address with the Court.

Due to Plaintiff's failure to prosecute this action and keep the Court notified of his current address, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370

U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **2nd** day of **March, 2009**.


                                                   /s/SONJA F. BIVINS
                                             **UNITED STATES MAGISTRATE JUDGE**